Charles MOORE; Ann F Individually and the Marital Community Composed Thereof, Plaintiffs—Appellees,

v.

THORNWATER COMPANY LP, a foreign limited partnership; Jason M Meyer; Jane Doe Meyers, individually and the marital community composed thereof, Defendants—Appellants.

No. 04–35017.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 2, 2005.

Decided Aug. 26, 2005.

William A. Kinsel, Esq., Kinsel Law Offices, Seattle, WA, for Plaintiffs—Appellees.

Carl J. Carlson, Esq., Carlson & Fabish, Seattle, WA, for Defendants—Appellants.

Before: NOONAN, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Following a jury trial, Charles and Ann Moore were awarded $30,000 for violation

of the Washington State Securities Act, $16,706.75 for breach of fiduciary duty, and $75,000 for violation of the Washington State Consumer Protection Act against The Thornwater Company ("Thornwater") and Jason Meyers, their Thornwater broker. The Moores were also awarded $50,000 against Thornwater for breach of its duty to supervise Meyers.

Thornwater appeals the district court's denial of its request for a remittitur to zero damages on the failure to supervise claim. Thornwater and Jason Meyers appeal the district court's denial of their motion for a judgment not withstanding the verdict or a new trial on the claim of fraud under the Washington State Securities Act, RCW 21.20.010. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the jury award for the failure to supervise claim and remand the Washington State Securities Act claim to the district court for reconsideration in light of *Stewart v. Estate of Steiner*, 122 Wash. App. 258, 93 P.3d 919 (2004), *review denied* 153 Wash.2d 1022, 108 P.3d 1229 (2005).

## I.  Jury Award

█ "When confronted by seemingly inconsistent answers to the interrogatories of a special verdict, a court has a duty under the seventh amendment to harmonize those answers, if such be possible under a fair reading of them." *Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir.1991). The district court did not abuse its discretion when it reconciled the jury award for failure to supervise with the damage awards for Thornwater and Meyer's direct actions. *Id.* at 1397. The jury award can be read as a finding that the Moore's suffered a total of $171,706.75 in damages and allocating the fault for those damages—holding Meyers and Thornwater jointly responsible for $121,706.75 of the damages and Thornwater alone responsi-

ble for the remaining $50,000. Thus, we affirm the district court's reconciliation of the jury awards.

## II.  Washington State Securities Act Claim

Under the Washington State Securities Act there is a private right of action for a plaintiff harmed by fraudulent practices in connection with the sale of a security. *See* RCW §§ 21.20.010, 21.20.430. The Washington Administrative Code includes in its definition of fraud, "[c]ontradicting or negating the importance of any information contained in a prospectus or other offering materials with intent to deceive or mislead." WAC 460–21B–008(2). In any case of securities fraud under Washington law, including under WAC 460–21B–008(2), the plaintiff must show reasonable reliance. *See Hines v. Data Line Systems*, 114 Wash.2d 127, 134–35, 787 P.2d 8 (1990).

█ When the district court issued its decision, Washington courts had yet to discuss reasonable reliance in the context of a securities fraud case where the oral representations the plaintiff claims he relied upon were contradicted by the written materials signed by the plaintiff, materials which included a provision stating that the plaintiff was not relying on any information outside of the offering documents. The Washington courts have since issued a decision discussing reasonable reliance in this context and laying out factors for the trial court to consider in determining whether the plaintiff's reliance was reasonable given the totality of the circumstances. *See Stewart v. Steiner*, 122 Wash.App. 258, 93 P.3d 919 (2004). Thus, we remand to the district court for reconsideration of the defendant's motion for judgement notwithstanding the verdict or a new trial in light of the decision of the Washington Court of Appeals in *Stewart*.

Each of the parties shall bear its own costs on appeal.

**AFFIRMED AND REMANDED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.